UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lewis Abdul Kalim Sibomana,<br><br>　　　　Petitioner<br>v.<br><br>Christopher Chestnut,[1] Nevada Southern Detention Center Warden, *et al.*,<br><br>　　　　Respondent | Case No.: 2:23-cv-00120-JAD-VCF<br><br>**Order Denying Motion for Temporary Restraining Order and Directing the Government to Respond to the Petition**<br><br>[ECF No. 3] |

　　Petitioner Lewis Abdul Kalim Sibomana is a federal prisoner at the Nevada Southern Detention Center ("NSDC") who alleges that he has been detained by U.S. Immigration and Customs Enforcement ("ICE") without a bond hearing since September 15, 2021. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his continued confinement without an individualized determination as to his risk of flight and dangerousness violates the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment.[2] He asks to be either released from custody or granted a bond hearing.[3] He also moves for a temporary restraining order ("TRO") on the grounds that he is in extreme pain due to a metal plate in his right leg, is not receiving adequate medical care, and will suffer irreparable harm if preliminary relief is not granted.[4] Because Sibomana has not demonstrated that

---

[1] This court's prior orders in this case (ECF Nos. 4, 6) erroneously identified Luis Rosa, Jr., as the proper respondent. As of November 2022, Christopher Chestnut is the Warden of the Nevada Southern Detention Center. ECF 10-4 at 2.

[2] ECF No. 7.

[3] *Id*. at 7.

[4] ECF No. 3.

extraordinary relief is warranted, I deny his motion for a TRO. But I find that a response to Sibomana's petition is warranted, so I direct the government to file one by March 24, 2023.

**I.     Background**

Sibomana, a native and citizen of Rwanda, came to the United States in September 2011 on a nonimmigrant student visa.[5] The following February, he applied for asylum, but was denied.[6] In September 2015, the government initiated removal proceedings.[7] When an Immigration Judge ("IJ") found him to be removable, Sibomana, through counsel, informed the IJ that he would be renewing his request for asylum.[8]

In February 2020, Sibomana was arrested Los Angeles and charged with several sex offenses.[9] He was convicted a year later of sodomy of an unconscious or asleep victim.[10] The victim was 16 years old at the time of the offense.[11]

Sibomana was released from state custody on August 8, 2021.[12] He was detained by ICE on September 15, 2021, and placed at the Otay Mesa Detention Center ("OMDC"), in California.[13] Sibomana is detained under 8 U.S.C. § 1226(c), which calls for mandatory detention for aliens who have been convicted of certain crimes, including an "aggravated

---

[5] ECF No. 10-2 at 2, 8.
[6] *Id*. at 9.
[7] *Id*.
[8] *Id*. at 10.
[9] *Id*. at 42, 60–62.
[10] *Id*. at 12.
[11] *Id*. at 15.
[12] ECF No. 7 at 2.
[13] *Id*.

felony."[14]  In March 2022, an IJ denied Sibomana's "applications for asylum, withholding of removal, and any and all benefits under the United Nations Torture Convention."[15]  In June 2022, an IJ denied his request for a custody redetermination, citing lack of jurisdiction to conduct a bond hearing for those detained under § 1226(c).[16]  On November 7, 2022, Sibomana was transferred from OMDC to NSDC.[17]

## II.  Jurisdiction

Respondents argue that this court lacks jurisdiction because Sibomana is alleging in his petition that the IJ erred in the March 2022 decision when he ruled that Sibomana's conviction constituted an aggravated felony.  Citing 28 U.S.C. § 1252(a)(5), respondents note that jurisdiction to review decisions within removal proceedings lies exclusively with the circuit courts.  This argument misconstrues the grounds for the petition.

Sibomana is claiming that his continued confinement without an individualized determination as to his risk of flight and dangerousness violates the Due Process Clause of the Fifth Amendment.  He thus raises a claim apart from whether the government has correctly determined, as statutory matter, that he is subject to mandatory detention until his removal proceedings conclude; he is bringing an as-applied constitutional challenge to his § 1226(c) detention.  The district court has jurisdiction to consider such challenges.[18]

---

[14] *Id*.

[15] ECF No. 10-2 at 8–25.

[16] *Id*. at 66.

[17] ECF No. 10-4 at 3.

[18] *See Nielsen v. Preap*, 139 S. Ct. 954, 972 (2019) ("Our decision today on the meaning of [§ 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it.").

3

### III. Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.[19] An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[20] A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."[21] "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."[22]

### IV. Analysis

#### A. Likelihood of Success on the Merits

The U.S. Supreme Court held in *Jennings v. Rodriguez* "that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes."[23] But the High Court declined to reach the merits of the petitioners' constitutional arguments.[24] As a

---

[19] *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

[20] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

[21] *Id*. at 20.

[22] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

[23] *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018).

[24] *Id*. at 851.

result, current Supreme Court precedent does not tell us when the length of detention under § 1226(c) will become unreasonable without a hearing, making continued detention unconstitutional in a particular case. The issue also remains unresolved in the Ninth Circuit.[25]

Sibomana's nearly 18-month detention without a bond hearing is arguably unreasonable as a matter of constitutional due process. But without clear precedent, I am not convinced that his claim for relief is that strong, especially given that he has made virtually no showing that he is not a flight risk or that he does not pose a danger to the community. And, based on the limited record before me, I am unable to determine who is primarily at fault for the prolonged detention. There is evidence that some of the delay is due to Sibomana missing appeal deadlines and filing requests for extensions of time and for his case to be reopened.[26] So I conclude that Sibomana's likelihood of success on the merits is not particularly high.

**B.    Irreparable Harm**

Sibomana claims he is in extreme pain due to a metal plate in his right leg and will suffer irreparable harm if preliminary relief is not granted. The Ninth Circuit found in *Hernandez v. Session* that "evidence of subpar medical and psychiatric care in ICE detention facilities" qualifies as an "irreparable harm[] imposed on anyone subject to immigration detention."[27] In that case, however, the court had concluded that the government was likely violating the plaintiffs' constitutional rights and tied irreparable harm to that conclusion.[28] That is, it

---

[25] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022) ("We in turn remanded [*Jennings*] to the district court, which has not yet issued a decision.").

[26] *See* ECF No. 7, ECF No. 10-2, *Sibomana v. Garland*, Ninth Circuit Case No. 22-1668.

[27] *See Hernandez v. Sessions,* 872 F.3d 976, 995 (9th Cir. 2017).

[28] *See id.* ("Thus, it follows inexorably from our conclusion that the government's current policies are likely unconstitutional … that Plaintiffs have also carried their burden as to irreparable harm.").

concluded the deprivation of a constitutional right, by itself, constitutes an irreparable injury entitling the plaintiffs to injunctive relief.

Absent a stronger showing that Sibomana's detention violates his constitutional rights, there is an insufficient nexus between the ground for relief in his petition and the injury claimed in his motion for a TRO. To obtain injunctive relief, the movant must "establish a relationship between the injury claimed in [his] motion and the conduct asserted in the complaint."[29] So an injunction is appropriate only when the intermediate relief that it grants is of the same character as the relief that may be ultimately granted; such relief is improper when requested for matters that are wholly outside issues in the petition.[30] Sibomana's allegation regarding medical care and the conditions of his confinement bear no relationship to his claim in his petition that his prolonged detention under § 1226(c) violates his Fifth Amendment procedural due process rights.

In addition, Sibomana has not adequately refuted the respondents' contention that he is receiving medical care for his injured leg. According to respondents, Sibomana answered "no" to all questions regarding medical problems and denied being in any pain when screened upon his arrival at NSDC.[31] Respondents offer (and support with documentation) the following facts with respect to Sibomana's medical care:

---

[29] *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (adopting the *Devose* holding for the Ninth Circuit).

[30] *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).

[31] ECF No. 10-4 at 3.

- On November 18, 2022, Sibomana was appraised by Dr. Minev, who noted that he "had right ankle pain, fixation hardware in lower extremity, history of fibula fracture, history of ORIF procedure, and pain."[32]

- On December 15, 2022, Sibomana was seen by an Dr. Singh for pain in his lower right leg.[33]

- Dr. Singh referred him for an orthopedic consult and advised him removal of the hardware from his leg would require approval from ICE.[34]

- On February 7, 2023, Sibomana was transported to Desert Orthopedic Center for the consult.[35]

- Respondents claim they will obtain Sibomana's records from Desert Orthopedic Center and participate in carrying out the recommended treatment.[36]

In response, Sibomana claims that he was able to see Dr. Singh only after going on a hunger strike.[37] He also claims that the pain medication Dr. Singh prescribed was not provided to him for three weeks because the pharmacy nurse went on vacation.[38] He does not dispute, however, that he was recently evaluated by an orthopedic specialist. He also does not address respondents' claim that further treatment is forthcoming based the specialist's recommendation.

---

[32] *Id*. at 4.
[33] *Id*.
[34] *Id*.
[35] *Id*.
[36] *Id*. at 5.
[37] ECF No. 15 at 3–4.
[38] *Id*. at 4.

So I conclude that Sibomana has not satisfied the irreparable-harm requirement for preliminary relief.

### C. Balance of Equities and Public Interest

"When the government is a party, these last two [*Winter*] factors merge."[39] The longer Sibomana is detained, the stronger his interest in an individualized bond hearing becomes. At this point, however, I find that it does not outweigh the governments' right to detain, pending removal, an alien adjudicated guilty of an aggravated felony. In short, the possibility that Sibomana's constitutional rights are being violated by virtue of his continued detention is not significantly stronger than the public's interest in not having a potentially dangerous felon released from custody.

## V. Conclusion

**IT IS THEREFORE ORDERED** that Sibomana's motion for a temporary restraining order **[ECF No. 3] is DENIED.**

However, because I find that Sibomana has raised a cognizable claim for federal habeas relief and that summary dismissal is unwarranted, I direct the government to respond to his petition. So **IT IS FURTHER ORDERED** that the respondents must file a response to the **petition by March 24, 2023**. Petitioner will then have 14 days from service of the answer, motion to dismiss, or other response **to file a reply or opposition.**

Dated: March 3, 2023

_____
U.S. District Judge Jennifer A. Dorsey

---

[39] *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).